UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00117-1-JRG |
| | ) | |
| APRIL WEST | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant April West's Expedited Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 80] and the United States' Response in Opposition [Doc. 83]. Acting pro se, Ms. West moves the Court to order her release under § 3582(c)(1)(A), citing an underlying medical condition and noting that she "recently tested positive for COVID-19." [Def.'s Mot. at 1]. The United States' opposes her motion, arguing that her "immediate release would be consistent with U.S.S.G. § 1B1.3 and 18 U.S.C. § 3553(a)." [United States' Resp. at 9].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts her administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). Ms. West provides the Court with no documentation showing that she satisfied § 3582(c)(1)(A)'s exhaustion requirement.

The United States, however, has filed documents showing that Ms. West petitioned the warden for release on July 29, 2020, [Pet. to Warden, Doc. 83-1], and that the warden denied her petition on August 8, 2020, [Warden's Denial, Doc. 83-2]. After receiving the warden's denial of her request for release, Ms. West moved for judicial review in this Court on August 31, 2020. Although the United States now argues that the Court should not consider Ms. West's motion because she filed it "less than 30 days" after petitioning the warden for release, [United States' Resp. at 1], the United States misapprehends § 3582(c)(1)(A)'s exhaustion requirement. Section 3582(c)(1)(A) obligates an inmate to wait thirty days from the date of the warden's receipt of a request for compassionate release, not to wait thirty days after receipt of the warden's denial. *See United States v. Alam*, 960 F.3d 831, 832, 836 (6th Cir. 2020) (describing an inmate's motion in district court as "untimely" because "he didn't wait [30 days] for a *response*" from the warden (emphasis added)). Having received a denial from the warden, Ms. West now has every right to pursue judicial review in this Court. *Id.* at 834 ("Prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them.").

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and "the factors set forth in section 3553(a) to the extent that they are applicable." § 3582(c)(1)(A)(i). "[C]ourts have

2

Case 2:16-cr-00117-JRG-MCLC   Document 88   Filed 09/14/20   Page 2 of 5   PageID #: 1544

universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted). The Application Notes to § 1B1.13 state that, when a defendant suffers from a medical condition, extraordinary and compelling reasons exist in two scenarios: the medical condition (1) is a terminal illness or (2) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 n.1(A)(i)–(ii). Under the second scenario, Ms. West maintains that she is "powerless to take preventative self care measure[s] directed by the CDC to remain safe from COVID-19 infection." [Def.'s Mot. at 7].

But the fact that Ms. West has already been infected with COVID-19—and according to her medical records, has suffered no symptoms—seriously undermines her contention that COVID-19 poses a risk to her health from which she is not expected to recover. *See* [Def.'s Med. Records, Doc. 85, at 3 (stating that Ms. West is "feeling well with no issues," "doing well," and has "[n]o fever/chills, SOB, CP, cough, abd pain, N/V, loss of taste/smell")]. While the Court sympathizes with Ms. West's concerns and her condition, her positive test for COVID-19 now renders her motion moot. *See United States v. Davis*, No. 06-20020-002, 2020 WL 2395977, at *2 (C.D. Ill. May 12, 2020) (concluding that the prisoner's motion for compassionate release was moot because he had contracted COVID-19 and was receiving healthcare in prison); *United States v. Bogdanoff*, No. 12-CR-0190-1, 2020 WL 2307315, at *5 (E.D. Pa. May 8, 2020) (stating that the court could not conclude that a seventy-three-year-old prisoner "would be made safer by his immediate transfer to home confinement" because he had already contracted COVID-19 and was receiving treatment in prison (citation omitted)); *United States v. Russo*, ___ F. Supp. 3d

3

\_\_\_, Crim. No. 16-441 (LJL), 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (denying a motion for compassionate release because the at-risk prisoner had already contracted COVID-19 and was receiving regular evaluation and care from the Bureau of Prisons).

Besides, the Court can order compassionate release only if it were to determine that Ms. West "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2); *see* § 3582(c)(1)(A) (providing that "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *United States v. Resnick*, \_\_\_ F. Supp. 3d \_\_\_, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

In light of the fact that Ms. West has contracted COVID-19, is in "isolation," [Def.'s Med. Records at 3], and, in her own words, "is still trying to recover," [Def.'s Mot. at 1], the Court is simply unable to conclude that, as a carrier of COVID-19, she would not pose a danger to the safety of others in the community if the Court were to order her release. In recognition of the Center of Disease Control's guidelines, the Court is not at all inclined to release Ms. West, who ought to remain in strict isolation until she no longer tests positive for COVID-19. *See Davis*, 2020 WL 2395977 at *2 ("[T]he Court finds that releasing [the defendant] into the community while he has COVID-19 is a danger to the safety of the community."); *United States v. Avenatti*, No. 8:19-CR-00061, at 2 (C.D. Cal. Apr. 10, 2020), Doc. No. 140 (PACER) (granting the defendant's request for temporary release to home confinement but with the caveat that "[i]f the defendant is found to be exhibiting symptoms consistent with COVID-19 or is confirmed to

have COVID-19, the defendant shall not be released to the public because of the danger the defendant poses to the community").

Again, while the Court sympathizes with Ms. West's concerns, she is not entitled to compassionate release at this time. Her Expedited Motion for Compassionate Release under § 3582(c)(1)(A) [Doc. 80] is therefore **DENIED without prejudice**. Ms. West has leave of the Court to renew her motion if her condition deteriorates, if the Bureau of Prisons' ability to care for her changes, or if any other noteworthy changes in circumstances arise.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE