UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos. 2:16-CR-00117-1-JRG-CRW |
| | ) | 2:09-CR-00028-1-JRG-CRW |
| APRIL WEST | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant April West's letter [Doc. 77, 2:09-CR-00028-1-JRG-CRW], in which Ms. West states that she is "qualified to receive [a] sentence reduction under 18 U.S.C. [§] 3582, Amendment 821." The Court construes her letter as a motion to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *United States Sentencing Commission Guidelines Manual*. The Federal Defender Services of Eastern Tennessee has filed a Notice of No Intention to File a Supplemental Motion [Doc. 83, 2:09-CR-00028-1-JRG-CRW], and the United States has filed a Response in Opposition [Doc. 84, 2:09-CR-00028-1-JRG-CRW]. For the reasons herein, the Court will deny Ms. West's motion.

### I.  BACKGROUND

In 2009, a grand jury charged Ms. West with multiple offenses under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, as well as a firearm offense. [Indictment, Doc. 1, at 1–5, 2:09-CR-00028-1-JRG-CRW]. She later pleaded guilty to conspiring to distribute and possess with the intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 21 U.S.C. § 846, and to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Plea Agreement, Doc. 28, at 1, 2:09-CR-00028-1-JRG-CRW]. The Court

sentenced her to eighty-four months' imprisonment and three years of supervised release. [J., Doc. 56, at 2, 2:09-CR-00028-1-JRG-CRW].

In 2015, after completing her custodial sentence, she violated her terms of supervised release by committing new drug-trafficking offenses, [Am. Pet., Doc. 71, at 3, 2:09-CR-00028-1-JRG-CRW], and in 2016, a grand jury went on to indict her, once again, for violating the Controlled Substances Act. [Indictment, Doc. 1, at 1, 2:16-CR-00117-1-JRG-CRW]. She later pleaded guilty to possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, in violation of § 841(a)(1) and (b)(1)(C). [Plea Agreement, Doc. 47, at 1, 2:16-CR-00117-1-JRG-CRW]. At sentencing, she was a career offender under USSG § 4B1.1(b), [Revised PSR, Doc. 57, ¶ 55, 2:16-CR-00117-1-JRG-CRW, ¶ 55],[1] which resulted in a criminal history category of VI, [*id*.]; *see* USSG § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI."), and her advisory guidelines range was 151 to 188 months' imprisonment, [*id*. ¶ 92]. The Court varied downward and sentenced her to 108 months' imprisonment. [J., Doc. 58, at 2, 2:16-CR-00117-1-JRG-CRW]. For her violations of her terms of supervised release, it sentenced her to a consecutive sentence of twenty-four months' imprisonment. [Revocation J., Doc. 75, at 3, 2:09-CR-00028-1-JRG-CRW]. According to the Bureau of Prisons's website, she will complete her aggregate sentence in February 2025.

Acting pro se, Ms. West now moves the Court to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to Appendix C of the *Guidelines Manual*. The United States

---

[1] USSG § 4B1.1 increases a defendant's offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sent'g Guidelines Manual § 4B1.1(a).

2

opposes her motion. Having carefully reviewed the parties' arguments, the Court is now prepared to rule on Ms. West's motion.

## II.  LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(2), which states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In short, a prisoner will be eligible for a reduction under § 3582(c)(2) if she satisfies two requirements. *See United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (stating that the defendant "must show" that she is entitled to a sentence reduction under § 3582(c)(2)).

First, the prisoner must have "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Taylor*, 815 F.3d 248, 250 (6th Cir. 2016) (quoting *id.*); *see* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) cmt. n.1(A) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]").[2] This is so because Congress has "charge[ed] the Commission both with deciding whether to amend the Guidelines and with determining whether and to what extent an amendment will be retroactive."

---

[2] "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Douglas*, 634 F.3d 852, 862 (6th Cir. 2011) (alteration in original) (footnote omitted) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993))).

3

*Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (footnote committed) (citing 28 U.S.C. § 994(o), (u))).

Second, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Taylor*, 815 F.3d at 250 (quoting § 3582(c)(2)). USSG § 1B1.10 contains the Sentencing Commission's policy statements. *See* U.S. Sent'g Guidelines Manual § 1B1.10(a)(1) (providing that a reduction "shall be consistent with this policy statement"). A reduction is inconsistent with USSG § 1B1.10 when the amendment at issue (1) does not apply to the defendant or (2) does not lower the defendant's guidelines range. *Id.* § 1B1.10(a)(2)(A)–(B). In determining whether a reduction is consistent with USSG § 1B1.10, the Court first calculates "by what amount" a prisoner's sentence "may be reduced." 28 U.S.C. § 994(u); *see Dillon*, 560 U.S. at 826–27. In doing so, the Court identifies the amended guidelines range—that is, the guidelines range that would have applied to the prisoner if the applicable amendment had been in effect during sentencing—and it substitutes this guidelines range for the original guidelines range. *Dillon*, 560 U.S. at 827; U.S. Sent'g Guidelines Manual § 1B1.10(b)(1). A prisoner generally is not entitled to receive a reduction below the minimum of the amended guidelines range. U.S. Sent'g Guidelines Manual § 1B1.10(b)(2)(A).

If a reduction is consistent with § 1B1.10, the Court must then shift its attention to any applicable factors under 18 U.S.C. § 3553(a), as well as to public-safety factors, to determine—in its discretion—whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010) ("[T]he district court *may* reduce a previously imposed sentence if [the] statutory requirements . . . are met. Section 3582 does not create a *right* to a reduced sentence, however." (citing U.S. Sent'g Guidelines Manual § 1B1.10 cmt. background)); U.S.

4

Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(i) (stating that courts "shall consider the factors set forth in 18 U.S.C. § 3553(a)"); U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.1(B)(ii)–(iii) (stating that courts "shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" and "may consider post-sentencing conduct of the defendant").

### III. ANALYSIS

In 2023, the Sentencing Commission submitted to Congress a multi-part amendment to the guidelines's criminal history rules: Amendment 821 in Appendix C to the *Guidelines Manual*. The Sentencing Commission gave retroactive effect to two parts of that amendment: Part A and Part B, Subpart 1. *See* U.S. Sent'g Guidelines Manual § 1B1.10(d); U.S. Sent'g Guidelines Suppl. to app. C, amend. 825. Part A of Amendment 821 addresses "status points" under USSG § 4A1.1. Status points are the criminal history points that apply to defendants who have committed their underlying federal offense while serving a prior criminal sentence—most often probation, parole, or supervised release. Specifically, Part A decreases status points from two points to one point for defendants with seven or more criminal history points and eliminates status points for defendants with six or fewer criminal history points. As amended by Amendment 821, § 4A1.1 in Chapter Four of the *Guidelines Manual* now reads:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

5

> (d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
>
> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sent'g Guidelines Manual § 4A1.1.

In Part B, Subpart 1 of Amendment 821, the Sentencing Commission created a brand new guideline: USSG § 4C1.1 in Chapter Four of the *Guidelines Manual,* in which it instituted a decrease of two offense levels for "Zero-Point Offenders" (i.e., offenders with no criminal history points) whose offense did not involve certain aggravating factors. To receive this two-level adjustment, a zero-point offender must "meet[] all of the following criteria":

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>
> (4) the offense did not result in death or serious bodily injury;
>
> (5) the instant offense of conviction is not a sex offense;
>
> (6) the defendant did not personally cause substantial financial hardship;
>
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

6

> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;
>
> decrease the offense level determined under Chapters Two and Three by 2 levels.

*Id.* § 4C1.1.

In moving for a sentence reduction, West seeks relief under Part A of Amendment 821, arguing that she is entitled to a sentence reduction "based on criminal history points." [Def.'s Mot. at 1]. In response, the United States maintains that Ms. West is ineligible for a sentence reduction because "[t]he Sentencing Commission unequivocally declined to authorize any 'reduction in the term of imprisonment imposed upon revocation of supervised release,'" and "that is the type of sentence West is currently serving in this case," [United States's Resp. at 2 (quoting USSG § 1B1.1 cmt. n.8(A))]. Although the United States is correct in arguing that a defendant is ineligible for a reduction under § 3582(c)(2) when serving a sentence for a violation of supervised release, it provides the Court with no computation data from which it can discern whether Ms. West has in fact completed, or is currently serving, that portion of her aggregate sentence. In other words, Ms. West, at this point, could have already served her twenty-four-month sentence for the violation of her supervised release and could now be serving her 108-month sentence for her violation of §§ 841(a)(1) and (b)(1)(C).

But even if Ms. West has completed her sentence for the violation of her supervised release, § 3553(a)'s factors—which, incidentally, she does not address in her motion—weigh against a sentence reduction under Amendment 821. The Court considered § 3553(a)'s factors "in some depth at the original sentencing," *Curry*, 606 F.3d at 331, so it has no obligation to readdress each of those factors now, *see* 18 U.S.C. § 3582(c)(1)(A) (requiring district courts to consider § 3553(a)'s factors "to the extent that they are applicable"); *see also United States v.*

*Jones*, 407 F. App'x 22, 25 (6th Cir. 2011) (recognizing that in *Curry* "we held that the district court did not abuse its discretion even though it had not expressly considered all of the § 3553(a) factors" because "§ 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant' and do not require the same procedural formalities as plenary sentencings" (quoting *Curry*, 606 F.3d at 330–31)). "[A]s long as the record *as a whole* demonstrates that the pertinent factors were taken into account," the Court's analysis will be complete and adequate. *Curry*, 606 F.3d at 330–31 (emphasis added) (internal quotation marks and quotation omitted)).

In Ms. West's case, the factors that the Court will address include § 3553(a)(1), (2), and (4):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> . . . .
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C. § 3553(a)(1)–(2), (4). Mr. West's criminal offense—i.e., possession with the intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base—is unquestionably serious in nature, and so are the circumstances of her offense. *See United States v. Dilg*, 726 F. App'x 368, 371 (6th Cir. 2018) ("We have categorically labeled drug offenses as serious." (citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000)));

8

*United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense[.]" (citations omitted)); *cf. United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003) (describing a conspiracy to distribute heroin as "grave"). Ms. West admitted to law enforcement that she had purchased 19.2 grams of crack cocaine with the intent to sell it and that she had simultaneously possessed methamphetamine, morphine, hydrocodone, Opanka, oxymorphone, and depressants. [Plea Agreement at 3–4, 2:16-CR-00117-1-JRG-CRW]. And, notably, all this took place after she had already served an eighty-four-month federal sentence for conspiring to distribute and possess with the intent to distribute oxycodone—a sentence that plainly did not deter her from re-engaging in drug-trafficking. *See Ewing v. California*, 538 U.S. 11, 26 (2003) ("Recidivism is a serious public safety concern . . . throughout the Nation.").

Her adult criminal history began at age twenty-two, [Revised PSR ¶¶ 44], and by age twenty-six, she amassed thirteen countable points for convictions that included multiple drug offenses and her participation in an aggravated robbery, [*id*. ¶¶ 44–49, 51, 52]. At sentencing, her criminal history category was VI, the highest possible category, [*id*. ¶ 55], and despite her criminal history, she received a favorable outcome at sentencing. The Court had the discretion to sentence her at the top of the guidelines range, 188 months, or higher. Instead, it varied downward and sentenced her to a below-guidelines sentence. An additional reduction in her sentence simply would not reflect the seriousness of her offense, promote respect for the law, or provide just punishment for the offense, nor would it afford adequate deterrence or protect the public from future crimes. *See United States v. Garfias*, No. 5:19-080-DCR, 2024 WL 457763, at *2 (E.D. Ky. Feb. 6, 2024) (recognizing that the defendant received a favorable outcome at sentencing and declining to grant him a reduction under Amendment 821 because "any further reduction of [his] sentence would unduly diminish the seriousness of his offenses"). The relevant

9

factors under § 3553(a) therefore militate against a reduction in Ms. West's sentence, and she is not entitled to relief under Amendment 821.

## IV. CONCLUSION

Ms. West fails to show that she is entitled to a sentence reduction under § 3582(c)(2), and her motion [Doc. 77, 2:09-CR-00028-1-JRG-CRW] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE